In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3184

GEANIECE D. CARTER,

*Plaintiff-Appellant*,

*v.*

AMC, LLC,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 09 C 7181—**Robert W. Gettleman**, *Judge*.

SUBMITTED MARCH 23, 2011—DECIDED MAY 13, 2011

Before EASTERBROOK, *Chief Judge*, and KANNE and SYKES, *Circuit Judges*.

EASTERBROOK, *Chief Judge*.   Geaniece Carter rented an apartment at Riverstone Apartments in Bolingbrook, Illinois. AMC, LLC, managed the building on behalf of its owner, Jackson Square Properties. AMC filed suit in state court to have Carter evicted. (AMC's name at the time was American Management Consultants, LLC; we use its current name in this opinion.) The trial court

entered an eviction order but the appellate court reversed, holding that AMC had not given a notice required by state law. *American Management Consultants, LLC v. Carter*, 392 Ill. App. 3d 39, 915 N.E.2d 411 (2009) (relying on 735 ILCS 5/9-211). One judge concluded that AMC also had violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p. See 392 Ill. App. 3d at 48–52, 915 N.E.2d at 420–24 (McDade, J.). The other members of the panel did not join that portion of the opinion. 392 Ill. App. 3d at 65–66, 915 N.E.2d at 434 (Wright & Schmidt, JJ., concurring specially).

Having prevailed in state court, Carter filed this federal suit seeking damages for the violation of the FDCPA that Justice McDade believed had occurred. Carter contends that AMC violated the Act in two ways: by telling a credit bureau that she owed rent without informing it that she disputed that position, see 15 U.S.C. §1692e(8), and by misrepresenting the status of the debt during the state litigation, see §1692e(2)(A). Cf. *Thomas v. Simpson & Cybak*, 392 F.3d 914 (7th Cir. 2004) (en banc) (holding that the Act applies to some documents filed in state court, though the conclusion of *Thomas* that lawyers must send a verification notice before or with a complaint was undone by an amendment in 2006; see 15 U.S.C. §1692g(d)).

AMC might have replied that the state court was the right forum for Carter's contentions. But it did not contend that a claim under the FDCPA was a compulsory counterclaim in the state case or that principles of claim preclusion (res judicata) otherwise block a federal

suit. Preclusion is an affirmative defense that debt collectors forfeit by failing to invoke it in the district court. See *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 472 (7th Cir. 2007). (Carter does not want to upset the state judgment, for she prevailed in state court; our suit therefore does not present any issue under the *Rooker–Feldman* doctrine, which a federal court must raise on its own because it curtails subject-matter jurisdiction. See *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600 (7th Cir. 2008); *Epps v. Creditnet, Inc.*, 320 F.3d 756 (7th Cir. 2003).)

For her part, Carter does invoke preclusion: She contends that the state court resolved the FDCPA claim in her favor, and that the federal court's only role is to supply the remedy. That isn't so. The opinion of one member of a three-judge panel does not resolve any issue; it takes a majority to make an authoritative ruling. And even if another member of the panel had joined this part of Justice McDade's opinion, it would not be conclusive. The doctrine of issue preclusion (collateral estoppel) applies only when an issue is actually *and necessarily* decided in the earlier suit. *Restatement (Second) of Judgments* §27 (1982); *In re A.W.*, 231 Ill. 2d 92, 99, 896 N.E.2d 316, 321 (2008). Justice McDade stated that her view about the FDCPA was not necessary to the court's decision—and the other members of the panel agreed with that assessment when they concurred without expressing an opinion on the topic.

The federal district judge assumed that AMC owns Riverstone Apartments and thus is Carter's lessor and

creditor. Justice McDade, who made the same assumption, concluded that lessors are "debt collectors" covered by the FDCPA. The district judge disagreed, observing that a "debt collector" is someone who regularly collects, or attempts to collect, "debts owed or due or asserted to be owed or due *another*." 15 U.S.C. §1692a(6) (emphasis added). An entity that tries to collect money owed to itself is outside the FDCPA. This led the district judge to dismiss Carter's complaint. 2010 U.S. Dist. LEXIS 91729 (N.D. Ill. Sept. 2, 2010).

There's nothing wrong with the district court's legal analysis, but its factual assumption is incorrect. AMC does not own Riverstone Apartments and is not Carter's landlord. The lease, which is in the record, is explicit: Jackson Square Properties, a California corporation, owns the building and is Carter's creditor; AMC is Jackson Square's agent. AMC described itself as an agent in the state-court papers. Why Justice McDade treated it as the owner is mysterious. Why Judge Gettleman did so is easier to understand. Carter named "American Management Consultants LLC/Riverstone Apartments" as the defendant and relied on Justice McDade's opinion. AMC's lawyer did not disabuse Judge Gettleman of the mistake that the complaint shared with Justice McDade. And in this court, counsel filed a corporate disclosure statement naming "AMC, LLC/Riverstone Apartments" as his client. There is no such entity. Riverstone Apartments is a building, and perhaps a trade name too, but it is not a person or organization. It is no more possible to sue "Riverstone Apartments" than it would be to sue the Mississippi River. See *Schiavone v. Fortune*, 477 U.S. 21 (1986).

We know from the lease that AMC is the lessor's agent rather than the building's owner. This sets up an argument for Carter, because AMC is not her creditor and thus potentially is a debt collector, as §1692a(6) defines that term. We say "potentially" because not all agents are debt collectors. The Act excludes not only the original creditor but also any person who tries to collect a debt that "was not in default at the time it was obtained by such person." 15 U.S.C. §1692a(6)(F)(iii). If a management firm "obtains" a debt, it does so when the lease begins, which necessarily precedes default, or when the agency relation begins (if that happens after a given apartment has been let). The harder question is whether an agent "obtains" the debt at all, or that word instead denotes only ownership. See *Ruth v. Triumph Partnerships*, 577 F.3d 790, 796–97 (7th Cir. 2009); *McKinney v. Cadleway Properties, Inc.*, 548 F.3d 496, 500–01 (7th Cir. 2008); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536–37 (7th Cir. 2003); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958–59 (7th Cir. 1997).

At least four courts of appeals, including ours, have concluded that a servicing agent for a mortgage loan "obtains" the debt even though the bank owns the note. See *Bailey v. Security National Servicing Corp.*, 154 F.3d 384, 387–88 (7th Cir. 1998); *Alibrandi v. Financial Outsourcing Services, Inc.*, 333 F.3d 82, 84–85 (2d Cir. 2003); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 107 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Apparently the question whether this is also true of the servicing agent for a lessor has never arisen in a court of appeals—at least, has not led to a precedential

decision. But it has come up frequently in district courts, which have concluded uniformly that a servicing agent "obtains" the debt when the lease is signed. *Reynolds v. Gables Residential Services, Inc.*, 428 F. Supp. 2d 1260, 1264 (M.D. Fla. 2006); *Williams v. Edelman*, 408 F. Supp. 2d 1261, 1265–66 (S.D. Fla. 2005); *Kvassay v. Hasty*, 236 F. Supp. 2d 1240, 1269–70 (D. Kan. 2002); *Alexander v. Omega Management, Inc.*, 67 F. Supp. 2d 1052, 1055–56 (D. Minn. 1999); *Franceschi v. Mautner-Glick Corp.*, 22 F. Supp. 2d 250, 253–54 (S.D.N.Y. 1998); *Azar v. Hayter*, 874 F. Supp. 1314, 1319 (N.D. Fla. 1995), affirmed without opinion, 66 F.3d 342 (11th Cir. 1995).

The Federal Trade Commission holds some interpretive and enforcement authority with respect to the FDCPA. See 15 U.S.C. §§ 1692k(e), 1692*l*, 1692*o*. It has not issued regulations or advisory opinions on this subject or commenced an administrative adjudication. But the staff of its Division of Credit Practices has concluded that the managing and servicing agent for a lessor or condominium association "obtains" the debt when it becomes the creditor's agent, and thus is not a "debt collector" unless a given debt was in arrears when the agent assumed that role. See the letters of August 31, 1992, and November 6, 1995, available at http://www.ftc.gov/os/statutes/fdcpa/letters/sheehan.htm and http://www.ftc.gov/os/statutes/fdcpa/letters/goodacre. htm. These letters don't receive *Chevron* deference, see *United States v. Mead Corp.*, 533 U.S. 218 (2001), but they are entitled to respectful consideration and show that the district judges and the responsible agency are in agreement.

We conclude that, although one usually "obtains" a debt by purchasing it, this is not the only way to do so. A servicing agent "obtains" a debt in the sense that it acquires the authority to collect the money on behalf of another. Cf. *Sprint Communications Co. v. APCC Services, Inc.*, 554 U.S. 269 (2008) (discussing assignments for collection); *CWCapital Asset Management, LLC v. Chicago Properties, LLC*, 610 F.3d 497 (7th Cir. 2010) (discussing servicers of mortgage pools). It follows that AMC "obtained" an interest in Carter's debt to Jackson Square Properties when AMC became Jackson Square's agent—which occurred before Carter got behind in her rent (if, indeed, that ever occurred, a question that the state's court of appeals did not reach). Section 1692a(6)(F)(iii) thus tells us that AMC is not a debt collector and does not owe Carter any duties under the FDCPA. (Justice McDade reached a contrary conclusion without mentioning §1692a(6) or the FTC's opinion letters; her opinion accordingly lacks the power to persuade.)

Carter's brief contends that AMC's attorneys violated the Act even if AMC itself is not covered by the statute. Attorneys can be debt collectors, see *Heintz v. Jenkins*, 514 U.S. 291 (1995), but none is a party to this suit, so this possibility need not be discussed further.

AFFIRMED