NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2011[*]
Decided July 8, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 10-1189

| | |
|---|---|
| MICHAEL LEMBERGER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 08-3115 |
| | |
| LARRY J. PHILLIPS, et al., | Harold A. Baker, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Michael Lemberger, housed at the Rushville (Illinois) Treatment and Detention Center as a sexually violent person, *see* 725 ILCS 207/f(5), has twice sued Rushville officials for violating his right to practice Judaism under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1(a). He appeals the dismissal with prejudice of his second action, which the district court thought duplicative of his first. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In the first action, *Lemberger v. Freeman*, No. 08-3038 (C.D. Ill. filed Feb. 6, 2008), Lemberger claimed in relevant part that Rushville substantially burdened his religious exercise by failing to provide varied, nutritionally adequate meals that he considered fully kosher. While that action was pending in the district court, Lemberger filed a second one covering similar terrain and asserting that Rushville officials punished his practice of Judaism with a deliberately unappetizing kosher menu. *Lemberger v. Simpson*, No. 08-3115 (C.D. Ill. filed May 15, 2008).

After allowing for discovery, the district court disposed of both cases in successive fashion. In December 2009 the court granted summary judgment to the defendants in the first action, concluding that Rushville's menu selections and the measures it took to meet Lemberger's dietary restrictions—preparing food in a separate area of the kitchen with disposable utensils and trays, heating items in a separate microwave, daily serving one pre-packaged kosher meal, and otherwise offering vegetarian and other non-pork dishes— were the least restrictive means of furthering what the court characterized as the institution's compelling interests in controlling costs and preventing other patients from thinking that Rushville gave Lemberger preferential treatment. The following month, the district court dismissed the second action with prejudice, calling it "duplicative" and the issues "identical."

Lemberger appealed both judgments. In this appeal from the dismissal of his second action (his appeals from the first action were dismissed, one voluntarily and one for failure to pay docketing fees), Lemberger says nothing about the district court's conclusion that this action was duplicative, and instead reiterates that Rushville officials have deliberately made the kosher menu unappetizing.

Although the district court did not use the word "preclusion" in its dismissal order, it concluded that the most important issues in the two actions were identical. The defendants contend, and we agree, that the district court relied on the doctrine of issue preclusion, under which parties may not re-litigate essential issues argued and decided in a previous action. *See Bobby v. Bies*, 129 S. Ct. 2145, 2152 (2009); *Carter v. AMC, LLC*, --- F.3d ---, ---, 2011 WL 1812524, at *1 (7th Cir. May 13, 2011). That is the case here: the issues that Lemberger raises have already been litigated and decided. Principally, he argued in the first action that the facility's kosher menu was so inadequate that it violated his religious rights, but the district court disagreed, concluding that the menu was the lawful result of a careful balancing of interests. Lemberger cannot show that the kosher diet at Rushville was punitive or otherwise violated his religious rights without re-litigating that issue, so he cannot prevail in the second action. Although issue preclusion is an affirmative defense, *see* FED. R. CIV. P. 8(c); *Simpson v. Nickel*, 450 F.3d 303, 306 (7th Cir. 2006), a district court may

raise it sua sponte if, as here, its existence is plainly apparent from the face of the complaint, *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

Accordingly, the judgment is AFFIRMED.