# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 11-2104

VICTOR GULLEY,

*Plaintiff-Appellant,*

*v.*

MARKOFF & KRASNY,
an Illinois Partnership,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 10 C 1807—**Robert W. Gettleman**, *Judge.*

SUBMITTED DECEMBER 8, 2011[*]—DECIDED DECEMBER 22, 2011

Before FLAUM, KANNE, and SYKES, *Circuit Judges.*

PER CURIAM. Victor Gulley appeals the dismissal of his
lawsuit against Markoff & Krasny, a debt-collection law

---

[*] After examining the briefs and the record, we have concluded
that oral argument is unnecessary. Thus, the appeal is
submitted on the briefs and the record. *See* FED. R. APP.
P. 34(a)(2)(C).

firm, for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, which protects consumers against harassment and unfair collection methods. Because we agree with the district court that the alleged debts at issue in this case are not "debts" as defined by the FDCPA, *id.* § 1692a(5), we affirm the judgment.

In his amended complaint, Gulley explains that in 2008 the City of Chicago levied against him four separate fines arising from a parcel of real estate that he no longer owned. When he did not pay those fines, the City retained Markoff & Krasny to collect. Gulley asserts that he is a "consumer" under the FDCPA, *see* 15 U.S.C. § 1692a(3), and that Markoff & Krasny, in trying to collect the unpaid fines, violated the statute by misrepresenting the total amount he owed, failing to validate the alleged debts as requested, communicating with him after being told to stop, and generally harassing him, *see id.* §§ 1692c-g. Markoff & Krasny moved to dismiss the amended complaint on the ground that it fails to state a claim. *See* FED. R. CIV. P. 12(b)(6). The law firm argued primarily that, under the FDCPA, Gulley is not a "consumer" and the unpaid fines the firm was trying to collect are not "debts." *See* 15 U.S.C. § 1692a(3), (5).

The district court agreed with Markoff & Krasny that fines are not "debts" covered by the FDCPA. For purposes of the statute, a "debt" can arise only from a "transaction in which money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."

15 U.S.C. § 1692a(5). The amounts Gulley owed, the court noted, were for nonconsensual fines attributable to violations of the Chicago Municipal Code. The court reasoned that a fine is a penalty imposed for breaking the law—not the result of a consensual transaction—so, under the plain wording of the FDCPA, Gulley's amended complaint fails to state a claim.

On appeal Gulley argues that the district court erred by failing to analyze whether Markoff & Krasny complied with § 1692g, which concerns the method by which debt collectors must validate disputed debts. But Gulley does not challenge the court's conclusion that the municipal fines at issue are not "debts" under the FDCPA. And if the law firm did not try to collect a "debt," then its collection activity could not have violated § 1692g or any other provision of the FDCPA.

Our analysis of the FDCPA must begin with the text of the statute, *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 762 (7th Cir. 2006). The text, as we read § 1692a(5), defines "debt" in a manner that necessarily excludes fines from coverage. Our reading is shared by the Federal Trade Commission, which "holds some interpretative and enforcement authority with respect to the FDCPA," *Carter v. AMC, LLC*, 645 F.3d 840, 843 (7th Cir. 2011). *See* 15 U.S.C. §§ 1692k(e), 1692*l*, 1692*o*. That agency has interpreted the FDCPA to exclude fines from the definition of "debt." *See Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act*, 53 FED. REG. 50,097, 50,102 (Dec. 13, 1988). The agency's commentary "is based primarily on issues

discussed in informal staff letters responding to public requests for interpretations and on the Commission's enforcement program," *id.* at 50,101, and does not receive *Chevron* deference, *see United States v. Mead Corp.*, 553 U.S. 218, 234 (2001). But the commentary is entitled to "respectful consideration." *Carter*, 645 F.3d at 844.

Apparently the question whether fines are "debts" under the FDCPA has never arisen in a court of appeals (at least not in a precedential decision). Yet that issue has come up frequently in the district courts, which have concluded uniformly that a fine does not stem from a consensual transaction and thus is not a debt under the FDCPA. *See Reid v. Am. Traffic Solutions, Inc.*, Nos. 10-cv-204-JPG-DGW & 10-cv-269-JPG, 2010 WL 5289108, at *4-5 (S.D. Ill. Dec. 20, 2010) (concluding that fines for traffic violations are not debts under FDCPA); *Mills v. City of Springfield, Mo.*, No. 2:10-CV-04036-NKL, 2010 WL 3526208, at *15-16 (W.D. Mo. Sept. 3, 2010) (same); *Durso v. Summer Brook Preserve Homeowners Ass'n*, 641 F. Supp. 2d 1256, 1264-65 (M.D. Fla. 2008) (concluding that fines assessed against homeowner by homeowners association did not create debts under FDCPA); *Shannon v. ACS State & Local Solutions, Inc.*, No. 08-594(DSD/SRN), 2008 WL 2277814, at *1 (D. Minn. May 30, 2008) (holding that fines levied by county for parking violation and failure to register vehicle did not meet criteria for FDCPA debts); *Williams v. Redflex Traffic Sys., Inc.*, No. 3:06-cv-400, 2008 WL 782540, at *5 (E.D. Tenn. Mar. 20, 2008) (holding that unpaid traffic fine is not debt under FDCPA), *aff'd on other grounds*, 582 F.3d 617 (6th Cir. 2009); *Yon v. Alliance One Receivables Mgmt., Inc.*, No. 07-61362-Civ, 2007 WL 4287628,

at *1 (S.D. Fla. Dec. 5, 2007) (same); *Harper v. Collection Bureau of Walla Walla, Inc.*, No. C06-1605-JCC, 2007 WL 4287293, at *7 (W.D. Wash. Dec. 4, 2007) (same); *Graham v. ACS State & Local Solutions, Inc.*, No. 0:06-cv-2708-JNE/JJG, 2006 WL 2911780, at *2 (D. Minn. Oct. 10, 2006) (concluding that unpaid parking tickets do not qualify as debts under FDCPA); *Riebe v. Juergensmeyer & Assocs.*, 979 F. Supp. 1218, 1221-22 (N.D. Ill. 1997) (concluding that unpaid fine imposed for overdue library book is not debt under FDCPA). We agree with these decisions and, as did the district court, conclude that the municipal fines levied against Gulley cannot reasonably be understood as "debts" arising from consensual consumer transactions for goods and services. Accordingly, the allegations in his amended complaint state no claim under the FDCPA and were properly dismissed under Rule 12(b)(6).

AFFIRMED.