**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 13-2270

_____

JANICE FONTELL,

              Plaintiff - Appellant,

        v.

TODD HASSETT, Individually and in his Official Capacity as
director of Properties of the Management Group Associates,
Inc.; JEFF GATLING, Individually and in his Official
Capacity as president of the Management Group Associates,
Inc.; THE MANAGEMENT GROUP ASSOCIATES, INC.; NORBECK GROVE
COMMUNITY ASSOCIATION, INC., c/o The Management Group
Associates, Inc.,

              Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Alexander Williams, Jr., District
Judge. (8:10-cv-01472-AW)

_____

Submitted: May 30, 2014                Decided: June 3,2014

_____

Before SHEDD, WYNN, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Janice Fontell, Appellant Pro Se.   Richard E. Schimel, BUDOW &
NOBLE, PC, Bethesda, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Janice Fontell appeals the district court's denial of her motions for partial summary judgment and the denial of her motion filed under Fed. R. Civ. P. 59(e) and 60(b). Fontell claims that the district court erred in several respects when disposing of her claims that Todd Hassett, Jeff Gatling, The Management Group Associates, Inc. ("TMGA"), and the Norbeck Grove Community Association, Inc. ("NGCA") (collectively, "Appellees"), violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 to 1692p (2012) ("FDCPA"), the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §§ 14-201 to 14-204 (LexisNexis 2013) ("MCDCA"), and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 to 13-501 (LexisNexis 2013) ("MCPA"), when trying to collect from Fontell unpaid homeowner's association dues. Finding no error, we affirm.

Fontell suggests first that the district court should have granted her summary judgment on several of her claims. Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review de novo a district court's order granting or denying summary judgment. Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011); see Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).

However, we cannot accept Fontell's suggestion that the district court should have granted her summary judgment on her claim that NGCA violated the MCDCA by knowingly filing a lawsuit that was ultimately found to be untimely. Fontell has not identified evidence sufficient to indicate, as a matter of law, that NGCA knew of or recklessly disregarded its lawsuit's potential futility. See Lembach v. Bierman, 528 F. App'x 297, 304 (4th Cir. 2013) (Nos. 12-1723, 12-1746) (unpublished).

We also reject Fontell's claim that the district court should have granted her summary judgment on several of her FDCPA claims because Appellees are "debt collectors."[*] Excluded from the FDCPA's definition of debt collectors, see 15 U.S.C. § 1692a(6) is "any person collecting or attempting to collect any debt . . . to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." Id. § 1692a(6)(F)(iii). Thus, a property management company, like TMGA, is not a debt collector where it becomes responsible for collecting the subject debt before it was in default. See Carter v. AMC, LLC, 645 F.3d 840, 843-44 (7th Cir. 2011); De Dios v. Int'l Realty & Invs., 641 F.3d 1071, 1073-75 (9th Cir. 2011). Although "default" is not defined by the

---

[*] Because we agree that Appellees do not qualify as debt collectors, we need not address the timeliness of Fontell's FDCPA claims.

3

FDCPA, a default generally does not occur immediately upon a debt becoming due, unless the terms of the parties' relevant agreement dictate otherwise. See Alibrandi v. Fin. Outsourcing Servs., Inc., 333 F.3d 82, 86-87 & n.5 (2d Cir. 2003); see also McKinney v. Cadleway Props., Inc., 548 F.3d 496, 502 n.2 (7th Cir. 2008).

Here, it is clear that TMGA was responsible for collecting the unpaid homeowner's association dues from Fontell's condominium association well before the association or Fontell arguably defaulted on that debt. Accordingly, the district court properly found that TMGA was not operating as a "debt collector."

Finally, Fontell contends that the district court erred in failing to consider and grant her summary judgment on her claim that Gatling violated the MCDCA, the MCPA, and the FDCPA when he engaged in the unlicensed practice of law by securing a lien against her condominium. We have carefully reviewed the record, however, and agree with the district court's assessment that Fontell never properly alleged or argued such claims. See Cloaninger ex rel. Estate of Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009). Accordingly, the district court did not abuse its discretion in the district court's refusal to consider them for the first time following

4

its final judgment.  Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010) (supplying standard of review).

Based on the foregoing, we affirm the district court's orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED