NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2014[*]
Decided October 21, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1674

| | |
|---|---|
| DANA G. CALHOUN, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois. |
| *v.* | No. 1:13–cv–08042 |
| CITIMORTGAGE, INC., *Defendant-Appellee.* | Joan H. Lefkow, *Judge.* |

**O R D E R**

Dana Calhoun mortgaged his rental house in 2008 but defaulted in early 2009. In November 2013 he filed this action—which he captioned as a "Complaint for Mortgage Modification Litigation"—against CitiMortgage, his loan servicer. By then an Illinois circuit court had awarded CitiMortgage a judgment of foreclosure and approved a

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

judicial sale of the property. In his federal complaint, Calhoun essentially alleges that CitiMortgage failed to halt the judicial sale even though he was seeking to lower his monthly payment through the Home Affordable Mortgage Program, a federal initiative that gives loan servicers incentives to accept lower payments from homeowners at risk of foreclosure. *See* 12 U.S.C. § 5219(a); *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 556–57 (7th Cir. 2012); *Corvello v. Wells Fargo Bank, NA*, 728 F.3d 878, 880–81 (9th Cir. 2013). Calhoun claims that CitiMortgage's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. 505/1–505/11a, and Illinois common law. Calhoun seeks damages and injunctive relief, including a "permanent loan modification."

On CitiMortgage's motion, the district court dismissed the suit with prejudice, reasoning that the *Rooker-Feldman* doctrine, *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), precludes the exercise of federal subject-matter jurisdiction. The court added that, jurisdiction aside, Calhoun's complaint does not state a claim under Illinois law. (The court's decision is silent about the adequacy of Calhoun's claim under the Fair Debt Collection Practices Act, but that claim may be ignored because CitiMortgage was already servicing Calhoun's loan when he defaulted and thus wasn't a "debt collector" when it took steps to collect. *See Carter v. AMC, LLC*, 645 F.3d 840, 843–44 (7th Cir. 2011); *Bailey v. Security Nat'l Servicing Corp.*, 154 F.3d 384, 386–88 (7th Cir. 1998)*.* Calhoun appeals.

The Home Affordable Modification Program, commonly called "HAMP," was launched by the Treasury Department in early 2009 and expanded to include rental properties like Calhoun's by June 2012—before the foreclosure judgment. *See* HAMP SUPPLEMENTAL DIRECTIVE 12-02, at 4–6 (Mar. 9, 2012), https://www.hmpadmin.com/portal/programs/docs/hamp_servicer/sd1202.pdf. Participating loan servicers, like CitiMortgage, must consider a HAMP modification before initiating foreclosure proceedings, or temporarily suspend ongoing foreclosure proceedings, if an eligible homeowner seeks to participate in the program. *See* HAMP SUPPLEMENTAL DIRECTIVE, at 7–8. CitiMortgage has never asserted that Calhoun's loan for his rental property was ineligible for a HAMP modification. According to Calhoun, CitiMortgage had asked him for additional documents to complete his HAMP application but then failed to stop the impending judicial sale, which occurred even before the deadline that the defendant had given him for producing the requested documents. That sale was not confirmed by the state court, however, for another two months.

On appeal Calhoun argues that *Rooker-Feldman* does not strip the district court of subject-matter jurisdiction because, he says, the state court's foreclosure judgment was not the cause of his injury. Rather, says Calhoun, his "injury was selling Plaintiff's property while in review of a HAMP."

To the extent that Calhoun wants his loan to be modified or the foreclosure overturned, *Rooker-Feldman* bars his claims because he is attacking the state foreclosure judgment. That doctrine applies when a state court's decision causes the federal plaintiff's injury. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646–47 (7th Cir. 2011); *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004). Since Calhoun argues that the judicial sale was improper because CitiMortgage did not comply with HAMP, he effectively asserts that the state foreclosure judgment caused his injury. Yet the Illinois courts will set aside a judicial sale at any time before confirmation if the homeowner can show that the sale was conducted in violation of HAMP. 735 ILL. COMP. STAT. 5/15-1508(d-5) (2010). Federal law does not provide a private right of action for violations of HAMP, *Wigod*, 673 F.3d at 555, but Calhoun could have raised the issue of CitiMortgage's noncompliance as a defense in the foreclosure action.

Calhoun also claims, however, that CitiMortgage's actions constituted violations of Illinois law independent of the foreclosure process, premised on HAMP. *See Wigod*, 673 F.3d at 554–55. Claim preclusion would seem to be an obvious bar. *See Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 821–22 (7th Cir. 2011); *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 634–44 (7th Cir. 2004); *Schlangen v. Resolution Trust Corp.*, 934 F.2d 143, 145–48 (7th Cir. 1991). But CitiMortgage never raised this affirmative defense, and the district court relied on it only to dismiss Calhoun's claim under the Illinois Consumer Fraud and Deceptive Business Practices Act. This would leave the Illinois common-law claims, but on appeal Calhoun never addresses the district court's lengthy analysis of those claims, which the court deemed inadequate to survive CitiMortgage's motion to dismiss. Calhoun's brief includes no more than a generalized assertion of error concerning the dismissal of his state-law claims, and thus his brief presents us nothing to review. *See* FED. R. APP. P. 28(a)(8)(A); *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001).

Accordingly, the judgment is AFFIRMED.