Affirmed by unpublished opinion. Judge KEENAN wrote the opinion, in which Judge WILKINSON joined. Judge GREGORY wrote a separate opinion dissenting in part.
Unpublished opinions are not binding precedent in this circuit.
BARBARA MILANO KEENAN, Circuit Judge:
Kharyn Ramsay appeals the district court’s dismissal of her claims asserted under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 through 1692p. Ramsay alleged that the rental agent for her former apartment and the agent’s attorney violated the FDCPA by placing certain language on two court orders, thereby causing her to be confused regarding her obligation to appear at court proceedings. The district court dismissed Ramsay’s complaint, concluding under Federal Rule of Civil Procedure 12(b)(6) that Ramsay had failed to state a claim. Upon our review, we hold that the rental agent was not a “debt collector” bound by the requirements of the FDCPA, and that the language added to the court orders by the agent’s attorney was not “false, deceptive, or misleading” within the meaning of the FDCPA. We therefore affirm the district court’s judgment.
I.
Ramsay was a tenant of certain residential property owned by SRH Woodmoor LLC (Woodmoor). The property was managed by defendant Sawyer Property Management of Maryland, LLC (Sawyer). When Ramsay defaulted on her rent obligations, Sawyer later obtained a judgment against Ramsay in Maryland state court in the amount of $1,540.84.
Following Ramsay’s failure to pay the judgment amount, Sawyer hired defendant Jeffrey Tapper, an attorney and collection agent licensed by the state of Maryland, to collect the debt from Ramsay. Pursuant to Maryland state court procedures, Tapper served Ramsay with a “DC/CV 32” court order signed by a Maryland district court judge, which order directed Ramsay to appear in court for an oral examination regarding her assets and property. See Md. Rule § 3-633(b).
After Ramsay failed to appear, Tapper obtained and served on her a “DC/CV 33” order from the court requiring that she appear in court for a show cause hearing. Because Ramsay did not appear for the show cause hearing as ordered, the court found her in contempt of court. Ramsay later was arrested and released on her own recognizance.
On the portion of both orders completed by Tapper requesting court action, Tapper had used an “ink stamp” to add certain language (the stamped language). The *206 stamped language, which is at issue in this case, stated that:
THIS COMMUNICATION IS FROM A DEBT COLLECTOR. IT IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
Ramsay argued in the district court: (1) that the stamped language was deceptive, causing her to ignore both court orders, see 15 U.S.C. § 1692e; and (2) that Sawyer improperly collected debts without obtaining a collection agency license as required by Maryland law, see 15 U.S.C. § 1692f. Ramsay also brought state law claims under the Maryland Consumer Debt Collection Act and the Maryland Consumer Protection Act.
The district court dismissed Ramsay’s FDCPA claims under Federal Rule of Civil Procedure 12(b)(6). The court declined to exercise supplemental jurisdiction over the state law claims, and dismissed those claims without prejudice. This appeal followed.
II.
Ramsay argues that the district court erred in dismissing her claims against Sawyer based on the court’s conclusion that Sawyer was not a “debt collector” under the FDCPA. According to Ramsay, Sawyer’s status as a debt collector was established by the fact that Sawyer was Woodmoor’s agent, and regularly acted in that capacity collecting money owed to its principal. We disagree with Ramsay’s argument, which is precluded by the FDCPA’s definition of “debt collector.”
In enacting the FDCPA, Congress sought “to eliminate abusive debt collection practices by debt collectors.” 15 U.S.C. § 1692. Section 1692e generally prohibits “debt collectors” from using “any false, deceptive, or misleading representation or means in connection with the collection of any debt.” Additionally, Section 1692f forbids “debt collectors” from using “unfair or unconscionable means to collect or attempt to collect any debt.”
The FDCPA defines a “debt collector” as (1) “any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts,” or (2) any person “who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.” 15 U.S.C. § 1692a(6). Critically, the FDCPA excludes from the definition of “debt collector” “any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person.” 15 U.S.C. § 1692a(6)(F)(iii).
A rental agent generally “obtains” a debt when a lease is executed, which necessarily predates a default under the lease, unless the agent’s relationship with its principal begins at some later date.[1] Carter v. AMC, LLC, 645 F.3d 840, 843 (7th Cir.2011). In the present case, Ramsay entered into her lease agreement with Sawyer, which was acting as the rental agent of the property owner, Woodmoor. In this capacity, Sawyer was listed on the lease as Ramsay’s landlord and, under the terms of the lease, Ramsay was obligated to remit her monthly rental payments to Sawyer.
In her complaint, Ramsay offers no contrary allegations that undermine the facts plain on the face of the lease document, *207 namely, that Sawyer “obtained” Ramsay’s debt when she first signed the lease. • Because Sawyer obtained Ramsay’s debt before the debt was in default, Sawyer was not a “debt collector” bound by the requirements of the FDCPA. See 15 U.S.C. § 1692a(6)(F)(iii). Accordingly, the district court did not err in dismissing Ramsay’s FDCPA claims against Sawyer.
III.
Ramsay next argues that Tapper violated the FDCPA by adding the stamped language to the DC/CV 32 and 33 court orders. As noted above, the stamped language stated:
THIS COMMUNICATION IS FROM A DEBT COLLECTOR. IT IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
Ramsay contends that the stamped language was false, because the “communication” was an order from the court rather than from a debt collector.[2] She further argues that the stamp deceptively implied that the DC/CV 32 and DC/CV 33 documents were not court orders requiring a response. We disagree with Ramsay’s arguments.
To effectuate its goal of eliminating abusive debt collection practices, the FDCPA imposes certain affirmative requirements on debt collectors and prohibits a wide range of conduct. See Russell v. Absolute Collection Servs., 763 F.3d 385, 388-89 (4th Cir.2014). In addition to the general prohibition that “[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt,” Section 1692e also specifies a non-exhaustive list of prohibited conduct, including:
The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
§ 1692e(10),
The failure to disclose in the initial written communication with the consumer ... that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.
§ 1692e(ll), and
The false representation or implication that documents are not legal process forms or do not require action by the consumer.
§ 1692e(15).
In evaluating claims under Section 1692e, we must determine whether a “least sophisticated consumer” would be misled or deceived by the communication. Absolute Collection Servs., 763 F.3d at 394. The question whether a communication is deceptive or misleading to such a consumer “does not turn on the credibility of extrinsic evidence.” Terran v. Kaplan, 109 F.3d 1428, 1432 (9th Cir.1997) (discussing debtor’s assertion that certain language in a collection letter rendered confusing the notice provision in the letter required by Section 1692g of the FDCPA). Instead, a court must consider whether the communication in question reasonably can be viewed as being deceptive or misleading. See Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir.1996) (holding that a collection notice violated § 1692e when it *208 “was reasonably susceptible to an inaccurate reading”).
This determination requires an objective inquiry, which involves application of a less demanding standard than that of a “reasonable” consumer. Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1061-62 (9th Cir.2011); see Absolute Collection Servs., 763 F.3d at 394-95 (discussing objective nature of the standard); United States v. Nat’l Fin. Servs., Inc., 98 F.3d 131, 135-36 (4th Cir.1996) (explaining the standard and citing cases). Given the objective nature of this inquiry, a district court’s application of the least sophisticated consumer test ordinarily presents a question of law, which we review on appeal de novo.[3]
The use of a test evaluating the understanding of a least sophisticated consumer is intended to ensure that “the gullible as well as the shrewd” are not deceived by communications from a debt collector. Nat’l Fin. Servs., Inc., 98 F.3d at 136 (citation omitted). Although the FDCPA protects uninformed consumers, the standard employed nevertheless protects creditors from “liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.” Id. Accordingly, courts must remain mindful not to “conflate lack of sophistication with unreasonableness.” Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir.2010) (discussing standard of the least sophisticated consumer in the context of Section 1692g).
To evaluate Ramsay’s claim that a least sophisticated consumer reasonably would have been misled or deceived by the stamped language, we consider that language in the context of the entirety of the documents on which the language appeared. The first line of the DC/CV 32 was captioned, “District Court of Maryland for Baltimore County,” and was followed by the court’s address and a case number. The top half of the document was entitled “Request for Order Directing Defendant to Appear for Examination in Aid of Enforcement of Judgment,” and listed Sawyer as the “plaintiff/judgment creditor” and Ramsay as the “defendant/judgment debtor.” The bottom half of the document prominently was labeled, “Order of Court.” This portion of the document stated that Ramsay was “subpoenaed to appear in person before a judge of this Court ... to be examined under oath concerning any assets, property or credits,” on a specified date.
The bottom portion of the document further warned:
NOTICE TO PERSON SERVED: If you refuse or without sufficient excuse neglect to obey this Order, you may be punished for contempt.
This portion of the document also stated, in boldface, upper-case letters, ‘YOU ARE ORDERED TO APPEAR IN PERSON,” and bore the signature of a judge.
The DC/CV 33 document similarly listed the court’s name and address, the case number, and the parties’ names at the top of the document. The middle portion of the form was titled “Request for Show Cause Order for Contempt.” The bottom *209 portion of the document prominently was labeled, “Show Cause Order for Contempt,” and stated that Ramsay was “ordered ... [to] appear in person before this Court ... to show cause why this Court should not find [her] in contempt for refusing or failing to respond.” This portion of the document also bore the signature of a judge, and warned the recipient that “[i]f you fail to appear, an order may be issued resulting in your arrest and you may be found in contempt of court.”
Upon consideration of all the language on each of these two documents, we conclude that the stamped language did not reasonably render either document deceptive or misleading, within the meaning of Section 1692e, to a least sophisticated consumer. As noted above, both documents plainly stated that they were orders of the court, and set forth both the name of the court and the signature of a judge. The orders directed Ramsay to appear in court in person on a specified date, and explicitly stated the potential penalties for failing to do so, including being held in contempt of court and being subject to arrest. Thus, such a consumer would not reasonably have been deceived regarding the fact that the documents were court orders requiring the consumer to appear in court.
The presence of the stamped language did not alter these clear representations that the documents were issued by a court and required compliance with the court’s directives. The stamped language appeared on the form below the name of the court, the case number, and the parties, and did not conceal or obscure any text of either document or suggest that Ramsay could ignore the remainder of the documents and their contents. Nor did the stamped language offer any information contrary to that contained in the documents. In fact, the stamped language was consistent with the overall message of the court orders, namely, that Sawyer and Tapper sought to compel Ramsay’s attendance at a debt collection proceeding. While the FDCPA protects the uninformed consumer, courts nevertheless “presum[e] a basic level of understanding and willingness to read with care.” Nat’l Fin. Servs., 98 F.3d at 136 (citation omit,ted).
We also disagree with Ramsay’s alternative contention that the stamped language employed by Tapper was “false” because the documents were court orders, rather than communications from a debt collector. Maryland district court procedures require that a creditor, as the plaintiff in a collection proceeding, complete the top portion of the DC/CV 32 and 33 forms, including listing the creditor and debtor, before submitting the document for entry as a court order. Tapper placed the stamped language on the portion of the documents that he was required to complete, and served Ramsay with a copy of each court order. Tapper’s representation that the orders were “communications from a debt collector” was not false because he originated the communications by supplying the necessary information and taking steps to ensure that the orders were entered by the court.[4] We therefore hold that the district court properly dismissed the Section 1692e claim against Tapper under Rule 12(b)(6).[5]
*210 IV.
For these reasons, we affirm the district court’s judgment dismissing Ramsay’s complaint.[6]

AFFIRMED.

. A rental agent " 'obtains' a debt in the sense that it acquires the authority to collect the money on behalf of another.” Carter, 645 F.3d at 844.

. Tapper indisputably was a debt collector within the meaning of the FDCPA.

. We recognize that some cases may involve disputed factual issues that must be resolved before the court makes the legal determination whether a communication is false, deceptive, or misleading to the least sophisticated consumer. The enumerated violations in Section 1692e may depend on factual questions such as, for example, whether a debt collector in fact intended to take threatened action under Section 1692e(5). See Nat’l Fin. Servs., 98 F.3d at 136-39.

. We find no merit in Ramsay's contention that the court orders were “formal pleadings” exempt from the disclosure requirement of Section 1692e(l 1) and that, therefore, the disclosure requirement was inapplicable on this basis. Additionally, to the extent that Ramsay argues that Tapper disclosed more than was required by the statute for subsequent communications with a consumer, we conclude that any extra language was mere surplusage that did not render the court orders false, deceptive, or misleading.

. Ramsay also asserts that Tapper violated Section 1692f of the FDCPA, which prohibits *210 a debt collector from "usfing] unfair or unconscionable means to collect or attempt to collect any debt.” She maintains that Tapper's collection efforts were unconscionable because they are contrary to the "strong public policy against imprisonment for debt.” However, Ramsay has forfeited this claim by failing to raise it in her complaint in the district court. See Wood v. Crane Co., 764 F.3d 316, 326 (4th Cir.2014).

. In light of our decision affirming the district court's dismissal of Ramsay’s federal claims, we conclude that the court did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995). We therefore affirm the court's dismissal of those claims without prejudice.