Raymond A. Jackson, United States District Judge
Before the Court is Defendant TJ Services, doing business as Credit Control Corporation's ("Defendant"), Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Based on the reasoning below, Defendant's Motion to Dismiss is DENIED.
I. FACTUAL AND PROCEDURAL HISTORY
Nathan Kirkpatrick's ("Plaintiff") lawsuit centers around a debt collection letter dated June 15, 2018 from Defendant with respect to amounts owed for "personal medical services." ECF No. 1 at ¶¶ 16, 19 ; ECF No. 1-1 at 2. At the top right, the letter contains an "Account Information" section that lists Emergency Physicians of Tidewater as the "Original Creditor," the balance due, and payment information. Id. The letter states that Defendant "has been retained by your creditor to collect this past due account." Id. The body of the letter lists Plaintiff's name under "Patient" and his account number. Id. An "Important Notices" section includes the following statement: "If you request this office in writing within 30 days after receiving this notice this office will provide with the name and address of the original creditor, if different from the current creditor." Id. At the bottom is a second "Account Information" section that contains the same information as the first section, except Emergency Physicians of Tidewater is listed with no identifying term, such as "Original Creditor." Id. Finally, under the second "Account Information" section, the letter states "Make Checks Payable To: Credit Control Corporation." Id.
On January 29, 2019, Plaintiff filed his Complaint under the Federal Debt Collection Protection Act ("FDCPA"). ECF No. 1 at ¶¶ 35-45. Plaintiff alleges in Count One that the Defendant failed to disclose or "meaningfully convey" the name of the current creditor to who Plaintiff owes the debt in violation of 15 U.S.C. § 1692g(a)(2). Id. at ¶¶ 41-42. In Count Two, Plaintiff contends that Defendant misled Plaintiff as to the identity of the current creditor in violation of 15 U.S.C. § 1692e. Id. at ¶ 45. On February 27, 2019, Defendant filed the *541 instant Motion to Dismiss. ECF Nos. 5-6. On March 12, 2019, Plaintiff filed his response. ECF No. 8. Defendant replied on March 15, 2019. ECF No. 9. On April 25, 2019, the Court also allowed Plaintiff to file supplemental authorities, which he filed on April 29, 2019. ECF Nos. 11-12.
II. LEGAL STANDARDS
A. Motions to Dismiss for Failure to State a Claim
Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. The United States Supreme Court has stated that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). Specifically, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678, 129 S.Ct. 1937. Moreover, at the motion to dismiss stage, the court is bound to accept all of the factual allegations in the complaint as true. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Assessing the claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679, 129 S.Ct. 1937.
In considering a Rule 12(b)(6) motion to dismiss, the Court cannot consider "matters outside the pleadings" without converting the motion to a summary judgment. Fed. R. Civ. P. 12(d). Nonetheless, the Court may still "consider documents attached to the complaint, ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd. , 484 F.3d 700, 705 (4th Cir. 2007) ; see also Fed. R. Civ. P. 10(c) ; Bassett v. NCAA , 528 F.3d 426, 430 (6th Cir. 2008) ("[the Court] may [also] consider ... public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.").
B. Fair Debt Collection Practices Act
Whether a communication is violates the FDCPA is determined from the vantage of the "least sophisticated consumer." United States v. Nat'l Fin. Servs., Inc. , 98 F.3d 131, 136 (4th Cir. 1996). In determining the capacity for a statement to mislead, "evidence of actual deception is unnecessary." Nat'l Fin. Servs., Inc. , 98 F.3d at 139. Instead, such "communications must be examined as whole, not sentence-by-sentence, because the least sophisticated consumer standard 'does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety.' " Vitullo v. Mancini , 684 F.Supp.2d 747, 756 (E.D. Va. 2010) (quoting Campuzano-Burgos v. Midland Credit Mgmt. , 550 F.3d 294, 298-99 (3d Cir. 2008) ). Although the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has not opined on the issue, four of its sister appellate courts have held that "a communication subject to the FDCPA is deceptive if 'it can be reasonably read to have two or more different meanings, one of which is inaccurate.' " Tatis v. Allied Interstate, LLC , 882 F.3d 422, 429 (3d Cir. 2018) (quoting Campuzano-Burgos v. Midland Credit Mgmt., Inc. , 550 F.3d 294, 298 (3d Cir. 2008) );
*542 Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP , 875 F.3d 128, 135 (2d Cir. 2017) (quoting Easterling v. Collecto, Inc. , 692 F.3d 229, 233 (2d Cir. 2012) ); Gonzales v. Arrow Fin. Servs., LLC , 660 F.3d 1055, 1062 (9th Cir. 2011) (quoting Brown v. Card Serv. Ctr. , 464 F.3d 450, 455 (3d Cir. 2006) ); Kistner v. Law Offices of Michael P. Margelefsky, LLC , 518 F.3d 433, 441 (6th Cir. 2008) (quoting Clomon v. Jackson , 988 F.2d 1314, 1319 (2d Cir. 1993) ).
However, the least sophisticated consumer standard does not mean the Court should entertain "bizarre or idiosyncratic interpretations of collection notices," but rather the Court should maintain "a quotient of reasonableness and presume[e] a basic level of understanding and willingness to read with care." Nat'l Fin. Servs., Inc. , 98 F.3d at 136. Furthermore, debt collectors need not "quote the language of § 1692g(a) verbatim" to avoid liability under the FDCPA. Vitullo , 684 F.Supp.2d at 756 (citing Greco v. Trauner, Cohen & Thomas, L.LP. , 412 F.3d 360, 365-66 (2d Cir. 2005) ). In other words, courts must not " 'conflate lack of sophistication with unreasonableness.' " Ramsay v. Sawyer Property Mgmt. of Maryland LLC , 593 F. App'x 204, 208 (4th Cir. 2014) (quoting Ellis v. Solomon & Solomon, P.C. , 591 F.3d 130, 135 (2d Cir. 2010) ).
III. DISCUSSION
Defendant argues that the Complaint should be dismissed because the collection letter lists Emergency Physicians of Tidewater as the only creditor, and therefore the letter properly discloses the creditor and is not misleading. ECF No. 6 at 5-7. Plaintiff's Complaint does not allege that the current creditor is some other entity besides the Emergency Physicians of Tidewater. Rather Plaintiff's theory is that the absence of the words "current creditor" from the letter means there may be another creditor, and the existence of more than one interpretation of the collection letter violates the FDCPA. ECF No. 8 at 6 ; see ECF No. 1 at ¶¶ 23-29.
The FDCPA requires that the name of the current creditor be disclosed. 15 U.S.C. § 1692g(a)(2). The letter lists the Emergency Physicians of Tidewater twice; once as the "Original Creditor" in the top right corner and again with no label in the lower left-hand corner. ECF No. 1-1 at 2. Reading Defendant's debt collection letter through the lens of the least sophisticated consumer, the use of the words "Original Creditor" suggest that Emergency Physicians of Tidewater are no longer Plaintiff's current creditor, but rather some other entity currently owns the debt, possibly even Defendant itself. Anderson v. Ray Klein, Inc. , No. 18-11389, 2019 WL 1568399, at *3 (E.D. Mich. Apr. 10, 2019) ("A consumer therefore might assume that there was, or is, a creditor subsequent to the original.... A consumer could be convinced by a notice such as the one received by [the plaintiff] that she could no longer contest the debt with the original creditor, but must deal exclusively with [the debt collector].").
Defendant could resolve this issue simply by removing the designation "original" and replacing it with the word "current." Instead, Defendant decided to use this confusing phrasing, which "unduly enhances the authority of the debt collector." Id.
IV. CONCLUSION
Based on the above, Defendant's Motion to Dismiss is DENIED . The Clerk is DIRECTED to provide a copy of this Order to the parties.
IT IS SO ORDERED.