In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 16-1668, 16-2051 & 16-2052

KIMTYLERY HENG, *et al.*,

*Plaintiffs-Appellants*,

*v.*

HEAVNER, BEYERS & MIHLAR, LLC,

*Defendant-Appellee.*

JUSTIN GIERKE, on behalf of plaintiff
and a class,

*Plaintiff-Appellant*,

*v.*

CODILIS & ASSOCIATES, P.C.,

*Defendant-Appellee.*

LAURA ZUNIGA, *et al.*,

*Plaintiffs-Appellants*,

*v.*

PIERCE and ASSOCIATES,

*Defendant-Appellee.*

_____

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 08454 — **Charles R. Norgle**, *Judge.*
No. 15 C 11618 — **Robert W. Gettleman**, *Judge.*
No. 16 C 01897 — **Milton I. Shadur**, *Judge.*

_____

ARGUED OCTOBER 27, 2016 — DECIDED FEBRUARY 17, 2017

_____

Before WOOD, *Chief Judge,* and BAUER and MANION, *Circuit Judges.*

BAUER, *Circuit Judge.*  In these three separate cases consolidated on appeal, appellants challenge the dismissal of their claims brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* Appellants in *Heng, et al., v. Heavner, et al.,* separately challenge the district court's order striking an exhibit, and also challenge the district court's denial of their request for leave to amend. We affirm.

## I. BACKGROUND

We need not discuss the specifics for each individual case because the underlying facts are consistent (the exception to this is the procedural history in *Heng*). Appellants obtained a Federal Housing Administration-insured residential mortgage loan and subsequently defaulted due to financial hardship.[1] Appellees are law firms that represent the loan servicing agents; they filed foreclosure complaints in Illinois state court against appellants. These complaints generally followed the statutory complaint template set forth in Section 15-1504(a) of the Illinois' Mortgage Foreclosure Law. *See* 735 Ill. Comp. Stat. 5/15-1504(a). The template includes the following language: "Names of defendants claimed to be personally liable for deficiency, if any[,]" and, "[a] personal judgment for a deficiency, if sought." *Id.* at 5/15-1504(a)(3)(M), (3)(iii). Appellees included both allegations in their foreclosure complaints, and identified appellants to be personally liable for any deficiency.

Appellants filed suit against appellees, alleging violations of the FDCPA. According to the complaints, the FHA does not authorize deficiency judgments where, as here, appellants suffered a financial hardship. Attached as an exhibit to their complaints, appellants included a letter from the FHA responding to a Freedom of Information Act request. In part, the FHA's response provided:

> There have been zero foreclosed FHA loans in Illinois in which the pursuit of a deficiency

---

[1] Federal Housing Administration (FHA) is part of the United States Department of Housing and Urban Development (HUD).

> judgment was authorized. FHA is not currently pursuing deficiency judgments. … [T]he Department has determined it is not [in] the best interests of FHA to routinely seek deficiency judgments in connection with [claims without conveyance of title or "CWCOT"] claims. Therefore, FHA is not requesting that the mortgagees pursue any deficiency judgments in connection with CWCOT claims, unless FHA makes a special request pursuant to 24 C.F.R. [§] 203.369. … Since FHA is not currently pursuing deficiency judgments, we do not maintain any reports tracking deficiency judgments.

Appellees filed a motion to dismiss, which the district court granted under Federal Rule of Civil Procedure 12(b)(6). Appellants filed timely notices of appeal. This consolidated appeal followed.

We turn to certain facts pertaining only to the *Heng* case. As stated above, appellants filed a complaint and appellee filed a motion to dismiss. Shortly thereafter, appellants filed a first amended complaint on December 12, 2015. On December 23, 2015, appellee filed a motion to dismiss the amended complaint. Appellants received a letter dated December 23, 2015, from appellants' loan servicing agent who was represented by appellee. This letter provided an explanation about deficiency judgments and an offer to waive a deficiency judgment.

On February 5, 2016, appellants filed a response to the second motion to dismiss, which included the letter as an exhibit and allegations concerning it. Appellee filed both a

reply and a motion to strike on February 19, 2016. Appellants were not given an opportunity to oppose the motion to strike, which the district court granted without comment.

On February 25, 2016, appellants filed a motion to reconsider the district court's order granting appellee's motion to strike and, alternatively, requested leave to amend the first amended complaint to include the exhibit. On March 23, 2016, the district court denied appellants' motion to reconsider and the alternative request for leave to amend, and granted appellee's motion to dismiss.

## II. DISCUSSION

On appeal, appellants challenge the dismissal of their claims that were brought under the FDCPA. Appellants in the *Heng* case separately challenge the order granting appellee's motion to strike the exhibit attached to their response to appellee's motion to dismiss; they also challenge the denial of their request for leave to amend.

### A. FDCPA Claim

We review *de novo* a district court's decision granting a motion to dismiss under Rule 12(b)(6), accepting all well-pleaded factual allegations in the complaint as true and drawing all reasonable inferences in favor of the appellants. *St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016). To avoid dismissal, the complaint must "state a claim to relief that is plausible on its face." *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 862 (7th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The main issue is whether appellants stated a plausible claim under the FDCPA. The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This broad prohibition is accompanied by a non-exhaustive list specifying sixteen potential violations, including the "threat to take any action that cannot legally be taken or that is not intended to be taken." *Id.* § 1692e(5). "[R]epresentations may violate § 1692e of the FDCPA even if made in court filings in litigation." *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016). We apply the "unsophisticated consumer" standard when evaluating whether a debt collector's representations comply with the FDCPA. *Avila v. Rubin*, 84 F.3d 222, 226–27 (7th Cir. 1996).

Appellants contend that appellees violated the FDCPA by alleging in their state-court foreclosure complaints that appellants are "claimed to be personally liable for the deficiency, if any," and by requesting "[a] personal judgment for a deficiency, if sought." *See* 735 Ill. Comp. Stat. 5/15-1504(a)(3)(M), (3)(iii). Appellants argue that appellees included these allegations even though appellees knew that the FHA, the insurer of appellants' loan, had a longstanding policy of not authorizing mortgagees to pursue deficiency judgments. Appellants assert that not only did appellees pursue a deficiency judgment without FHA's prior authorization, but also that the FHA's policies prohibited appellees from taking such action in the first place. Appellants, therefore, contend that appellees made threats to seek a deficiency judgment and had no particularized intention of actually enforcing this legal

remedy against appellants. Appellants also assert that appellees falsely represented that this legal remedy was available. Based on these suppositions, appellants argue that "[b]ecause the request for a deficiency was not authorized, [appellants'] FDCPA complaint stated a claim." Appellant's Br. at 17.

As a preliminary matter, we note that the crux of appellants' argument rests on the assumption that unless the FHA provides prior authorization to appellees to pursue a deficiency judgment against appellants, appellees are prohibited from engaging in the complained of conduct. We will therefore see if appellants have any plausible basis for this assumption.

First, the regulation governing deficiency judgments provides that "the Secretary *may require* the mortgagee diligently to pursue a deficiency judgment in connection with any foreclosure." 24 C.F.R. § 203.369(a)(1) (emphasis added); *see also* 24 C.F.R. § 203.402(o) (reimbursement for certain costs when Commissioner requires or requests the mortgagee to seek a deficiency judgment pursuant to § 203.369). This regulation gives FHA the authority to require a mortgagee to pursue a deficiency judgment on a FHA-insured loan, but does not prohibit the mortgagee from seeking a deficiency judgment. So the regulation does not support the position that appellees are prohibited from engaging in the complained of conduct without FHA's prior authorization.

Second, appellants provide references to HUD Mortgagee Notice 1994-89, and Mortgagee Letters 2006-15, and 2013-15. However, although neither party pointed this out, these documents are out-of-date; the letters and notice were superseded by HUD's FHA Single Family Housing Policy Handbook

4000.1 (or "Handbook").[2] These Mortgagee Letters and Notice also do not help appellants' position.

Lastly, the Handbook provides that "[u]nless specifically requested by FHA, the Mortgagee is not required by FHA to pursue any deficiency Judgments in connection with CWCOT procedures." Handbook at III.A.2.u.ii.[3] It further states that a "[m]ortgagee may engage in Judgment collection activities if a claim for FHA insurance benefits is not filed." *Id.* at III.A.2.u.iii.(B). Appellees contend that the Handbook supports its position that a mortgagee is allowed to pursue a deficiency judgment if it chooses not to file a claim for insurance benefits. In response, appellants argue that the decision to pursue a deficiency judgment "belongs to HUD at all relevant times," and to accept appellees' interpretation takes that decision-making away from the FHA. Appellant's R. Br. at 7. Not exactly, the Handbook follows the wording of 24 C.F.R. § 203.369, by reiterating FHA's authority to request or require

---

[2]    *See* "Single Family Housing Notices Superseded by Handbook 4000.1" https://portal.hud.gov/hudportal/HUD?src=/program_offices/admini stration/hudclips/sfhsuperseded/notices (noting that the "documents on this page should be used for reference purposes only[,]" including Mortgagee Letter 1994-89 ) (last visited February 17, 2017); *see also* "Mortgagee Letters Superseded by HUD Handbook 4000.1" https://portal.hud.gov/hudportal/HUD?src=/program_offices/admini stration/hudclips/sfhsuperseded/mltrs_full (listing Mortgagee Letters 2006-15 and 2013-15 as superseded by the Handbook) (last visited February 17, 2017).

[3]    *See* FHA Single Family Housing Policy Handbook 4000.1, p. 720. https://portal.hud.gov/hudportal/documents/huddoc?id=40001HSGH .pdf (last visited February 17, 2017).

a mortgagee to pursue a deficiency judgment; it does not prohibit the complained of conduct.

Appellants have not identified any law, regulation, or FHA policy requiring a mortgagee to obtain authorization from the FHA prior to including the two allegations at issue in their state-foreclosure complaint.[4] Appellants have failed to distinguish themselves from all other Illinois mortgagors who have defaulted on their payments and had Illinois-statutory-short-form complaints filed against them. Because the predicate to appellants' arguments is absent, we need not address them. Appellants have failed to state a plausible claim under the FDCPA.

## B.  Procedural Claims in *Heng*

### 1.  Motion to Strike

The *Heng* appellants contend that the district court erred in granting appellee's motion to strike an exhibit that was included in appellants' response to appellee's motion to dismiss the amended complaint. "A district court's grant or denial of a motion to strike is reviewed for an abuse of discretion." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 647 (7th Cir. 2014) (citation omitted).

The district court granted appellee's motion to strike the exhibit without comment, and it did not give appellants an opportunity to respond. However, the district court's reasoning for granting the motion to strike was provided in its order

---

[4]  We note that Appellants do not claim that Appellees violated any Illinois state law.

denying appellants' motion to reconsider the order granting
the motion to strike. The district court noted that the exhibit
was sent by a non-party and that it was not mentioned in the
complaint. The district court also found that the exhibit was
not material to the complaint, and that the exhibit "did not
comply with Rule 12(b)'s requirement that the Court's consid-
eration of motions to dismiss is limited to the facts alleged in
the complaint." The district court reasoned that because it did
not construe the motion as one for summary judgment, it was
required to disregard outside material submitted by appel-
lants.

Appellants argue that they were entitled to offer the exhibit
in response to appellee's motion to dismiss in light of our
decisions in *Defender Security Co. v. First Mercury Insurance Co.*,
803 F.3d 327 (7th Cir. 2015), and *Early v. Bankers Life & Casualty
Co.*, 959 F.2d 75, 79 (7th Cir. 1992). In *Defender Security Co.*, we
noted that "nothing prevents a plaintiff opposing dismissal
from elaborating on the complaint or even attaching materials
to an opposition brief illustrating the facts the plaintiff expects
to be able to prove." 803 F.3d at 335. Appellants claim that the
exhibit was probative of how the non-party's representations
based on the foreclosure complaint may be used to the detri-
ment of the consumer.

While our precedent makes it clear that appellants have
"much more flexibility in opposing a Rule 12(b)(6) motion,"
*Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012), the
flexibility is not without limitations. Materials or elaborations
in appellants' brief opposing dismissal may be considered, so
long as those materials or elaborations are "consistent with the

pleadings." *Geinosky*, 675 F.3d at 745 n.1; *see also Early*, 959 F.2d at 79 ("[A] plaintiff is free … to allege without evidentiary support any facts he pleases that are consistent with the complaint … [.]").

The district court did not abuse its discretion when it granted appellee's motion to strike the exhibit. The district court found that the exhibit was not material to the complaint and was a letter sent by a non-party; in other words, those materials and elaborations were not consistent with the complaint. While the district court was incorrect in reasoning that it was required to disregard the outside material if it did not convert appellants' response to a motion for summary judgment, it does not negate the overall finding that the exhibit was not material. Furthermore, as we have considered appellants' exhibit and elaborations as part of our *de novo* review of the district court's futility-based denial of appellants' request for leave to amend, "we are all the more at ease in holding that the district court properly exercised its discretion in striking [the exhibit]." *McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 617 (7th Cir. 2001).

## 2. Leave to Amend

As a general rule, a district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Generally, we review a district court's denial of leave to amend for an

abuse of discretion. *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015). However, "our review for abuse of discretion of futility-based denials includes *de novo* review of the legal basis for the futility." *Id.*; *see also Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 607 (7th Cir. 2013). (noting "[t]here is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim").

At first glance, the district court's decision on this point is fuzzy. The district court mentioned only the "fail[ure] to cure the pleading's deficiency" category of denials. There is, however, no indication in the record that the district court ever pointed out any deficiencies to appellants. Appellants also appear to have filed the first amended complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B) (a party has a right to amend its pleading once as a matter of course within 21 days after service of defendant's motion to dismiss under Rule 12(b)). The denial of appellants' request for leave to further amend was based on the reasoning that even if "the Court allowed Plaintiffs to amend their complaint and allege that the letter – not the Mortgage Litigation Complaint – was the actual false or misleading statement, Plaintiffs would not be able to state a claim." In other words, allowing appellants to file a second amended complaint would be futile. We have no qualms with considering the district court's denial as a futility-based denial.

Appellants contend that the exhibit shows how the false representations made in the foreclosure complaint may be misused to the detriment of an unsophisticated consumer.

Appellants claim that this detriment would not have otherwise occurred had appellee accurately stated the need for FHA's authorization prior to seeking a deficiency judgment in the foreclosure complaint. In other words, appellee's false representations in the foreclosure complaint allowed the loan servicing agent to capitalize on those false representations.

Appellants' argument is without merit. The proposed significance of the exhibit is premised on appellants' failed assumption that a mortgagee of an Illinois, FHA-insured loan must have FHA authorization prior to including the two allegations at issue in their state-foreclosure complaint. Moreover, not only was the exhibit sent by a non-party to appellants, but it was sent over a year after the foreclosure complaint was filed. There is no basis in law for appellants' theory on how a non-party's representations may be probative as to how an unsophisticated consumer perceives appellee's year-old foreclosure complaint. Because what appellants sought to include in an additional amended complaint would not make their FDCPA claim plausible, we conclude that an amendment would be futile.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM each district courts' grant of appellees' motion to dismiss the appellants' complaints. We AFFIRM the district court's grant of appellee's motion to strike an exhibit that was included in appellants' response to appellee's motion to dismiss the amended complaint. We AFFIRM the district court's denial of appellants' request for leave to amend.