NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2017[*]
Decided May 30, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3318

| | |
|---|---|
| JERMAINE D. CARPENTER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 16-4067 |
| | |
| DAWN SULLIVAN, et al., | Sue E. Myerscough, |
| *Defendants-Appellees*. | *Judge*. |

### O R D E R

Jermaine Carpenter, a civil detainee at the Rushville Treatment and Detention Center in Illinois, principally claims that two nurses violated his right to due process by withholding necessary pain medication after a root canal. The district court screened the

---

[*] The appellees were not served with process in the district court and have not participated in this appeal. We have agreed to decide the case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

complaint, *see* 28 U.S.C. § 1915(e)(2); *Childress v. Walker*, 787 F.3d 433, 438 (7th Cir. 2015), and dismissed for failure to state a claim. Carpenter appeals.

For purposes of this appeal, we accept as true the factual allegations in Carpenter's complaint. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Carpenter filed suit four days after his root canal and asserted that he was experiencing pain, swelling, and throbbing in his gums and that it hurt to wash his face, brush his teeth, laugh, or smile. After the procedure, he said, the endodontist had prescribed medication to be taken every six hours. The endodontist knew that Carpenter already had a prescription for ibuprofen but told him that the new drug was "stronger." (Carpenter has not identified the medication.) The endodontist handed the medication to Carpenter's escort and gave Carpenter written instructions on caring for his mouth. The endodontist, an outside specialist, also prescribed a mouth rinse.

Back at Rushville, Carpenter's escort gave his pain medicine to Nurse Dawn Sullivan. According to his complaint, Carpenter told Sullivan that his face was throbbing and asked for the medication, but she retorted that he "wouldn't be getting any" because he already had the prescription for ibuprofen. Sullivan then sent him to his cell without even giving him ibuprofen. A few hours later Carpenter still was experiencing extreme pain and throbbing, and he requested the new medication from the next shift's staff. A different nurse told him that the endodontist's prescription had been rejected and gave him only ibuprofen.

Two days later, a third nurse, Grant Taylor, made Carpenter wait four hours to receive ibuprofen. Before Taylor's shift had started, Carpenter's mouth was swollen and began hurting. But prison staff already had completed the regular afternoon distribution of medications, and when Carpenter asked for ibuprofen, he was told to wait and ask again after the nursing shift changed. (Carpenter had not bothered asking for the medication prescribed by the endodontist because he "already knew" that his request would be denied.) Then after the shift changed, Taylor was assigned to Carpenter's unit. Carpenter asked an aide to request ibuprofen from the healthcare staff. The aide complied but was told that Carpenter could not have ibuprofen. The aide then found and asked a sergeant to relay Carpenter's request, but the healthcare staff also refused to give ibuprofen to the sergeant. At the evening medication dispersal, four hours after Carpenter's initial request, Taylor finally gave him ibuprofen and said Carpenter should have asked for it during the afternoon distribution.

In his complaint Carpenter claims that Nurses Sullivan and Taylor were deliberately indifferent to his mouth pain. Sullivan, he says, acted with deliberate

indifference by refusing to dispense the medication prescribed and supplied by the endodontist. And both nurses, Carpenter continues, showed deliberate indifference to his pain when they would not at least give him ibuprofen. (Carpenter included two other claims in his complaint; both are frivolous, so we do not discuss them.)

In dismissing Carpenter's lawsuit for failure to state a claim, the district court understood him to complain that he had an absolute right to receive the medication prescribed and supplied by the endodontist. After rejecting that perceived argument, the court assumed that the ibuprofen dispensed to Carpenter must have alleviated the pain from his oral surgery because he did not allege specifically that the ibuprofen was ineffective. The court then built on this assumption, reasoning that a medical condition alleviated by over-the-counter medication cannot be "serious." And without a serious medical need, the court continued, Carpenter could not plausibly allege that the failure of each nurse to provide him medication on one occasion constituted deliberate indifference. Finally, the court concluded that "[a]ny amendment to the Complaint would be futile."

On appeal Carpenter argues that he alleged enough to state a claim of deliberate indifference and, if not, should have been allowed to amend his complaint. In his brief he asserts that ibuprofen never helped his postsurgical pain; he took that medication only because he was offered nothing else and hoped it would alleviate some of his symptoms. He also alleges that the endodontist predicted that ibuprofen would not be strong enough to alleviate his pain once the local anesthetic wore off. Carpenter has appended to his appellate brief the healthcare request he submitted four days after his surgery (the same day he filed this lawsuit); he reported "experiencing severe pain, hurt, and throbbing and swelling" and said he needed "something stronger" than ibuprofen, ideally the medicine prescribed by the endodontist. Carpenter has added a handwritten note in the margin further asserting that nine days after his root canal he saw the Rushville dentist and told her he still was experiencing pain and numbness.

We have explained that most times when a pro se complaint is dismissed at screening the plaintiff should be allowed to amend his complaint. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1023–24 (7th Cir. 2013). Carpenter's case exemplifies why pro se plaintiffs should be given an opportunity to correct perceived deficiencies in a complaint. In this court Carpenter alleges additional facts that, because they are consistent with his complaint, we may consider in evaluating its sufficiency. *See Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017); *Geinosky v.*

*City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). And this additional information directly refutes the district court's premise that Carpenter cannot state a claim because ibuprofen sufficiently addressed his pain. If he had been allowed to amend, the court would have seen that Carpenter alleged that, as the endodontist anticipated, ibuprofen was not an adequate substitute for the medication provided by the endodontist.

Even without Carpenter's new allegations, the district court wrongly concluded that he does not allege a serious medical need. As a civil detainee, Carpenter's claim falls under the Fourteenth Amendment rather than the Eighth Amendment, but the standard to show deliberate indifference is the same. *See Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013). To succeed on his claim, Carpenter must demonstrate that he suffered from a serious medical condition to which the defendants were deliberately indifferent. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 776–77 (7th Cir. 2015). A medical need is "serious" if it is "one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Pain resulting from dental issues may constitute a serious medical condition, *see, e.g., Dobbey v. Mitchell-Lawshea,* 806 F.3d 938, 940–41 (7th Cir. 2015); *Berry v. Peterman,* 604 F.3d 435, 440 (7th Cir. 2010); *Bd. v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005), as may postsurgical pain, *see Walker v. Benjamin*, 293 F.3d 1030, 1039–40 (7th Cir. 2002). And it is obvious that medical care is required after surgery.

The district court also prematurely concluded that Nurse Sullivan could not have displayed deliberate indifference simply by preemptively refusing to dispense the medication from the endodontist. Ignoring the recommendation of a specialist may constitute deliberate indifference unless a physician has assessed the specialist's plan and decided, "based on the physician's professional judgment" and using "accepted professional standards," that a different course of treatment is preferable. *Holloway v. Del. Cty. Sheriff*, 700 F.3d 1063, 1074 (7th Cir. 2012); *see also Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015); *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011). That much must have been understood by the medical staff at Rushville, as shown by the response Carpenter received to a grievance (lodged the day after his oral surgery) protesting Sullivan's refusal to give him the prescription medication. The facility's response, which Carpenter again has appended to his appellate brief, confirms that Rushville's policy is that a facility *physician* will independently assess a specialist's treatment plan. But taking Carpenter at his word, which at this point we must do, no physician at Rushville considered Carpenter's medical needs when he returned to the facility. Rather, Nurse Sullivan met Carpenter immediately upon his return from the endodontist and unilaterally declared that his new prescription would not be dispensed. She also told

Carpenter, as recounted in his brief, that she would attend to ordering the mouth rinse prescribed by the endodontist, but not until a month later, after he had complained, did Carpenter receive the rinse.

Additionally, the ready availability of the prescribed medication could lend support to Carpenter's claim. Not every refusal of medical treatment will constitute deliberate indifference, but if the cost of treating a substantial medical need is low, an official's refusal to act is more likely to evidence deliberate indifference. *See Gil v. Reed*, 381 F.3d 649, 661–62 (7th Cir. 2004); *Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir. 1999). Without knowing what was prescribed we cannot assess whether dispensing the drug presented legitimate safety concerns. But we do know that the endodontist had supplied Rushville with the prescribed pills and that Carpenter says that ibuprofen was not an adequate substitute.

Although Carpenter's allegations against Nurse Taylor are thinner, the district court still should have allowed Carpenter to amend his complaint as to that defendant. Carpenter had asked Taylor specifically for ibuprofen and thus, as far as this record shows, the plaintiff's claim of deliberate indifference as to Taylor relates to the delay in dispensing ibuprofen while Carpenter waited in pain. A delay in treatment may constitute deliberate indifference if it exacerbates an injury or prolongs the detainee's pain, depending on the "seriousness of the condition and the ease of providing treatment." *Perez*, 792 F.3d at 777–78; *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1039–40 (7th Cir. 2012). Carpenter's swelling and pain were obvious enough that lay employees went out of their way to alert the medical staff that Carpenter needed help. Taylor was the nurse on duty at the time, and the reasonable inference arising from Carpenter's complaint is that Taylor ignored the requests from Carpenter, the aide, and the sergeant until the evening medication dispersal. And Carpenter says he experienced prolonged pain over those four hours.

The judgment is VACATED as to defendants Dawn Sullivan and Grant Taylor, and the case is REMANDED for further proceeding as to those defendants. In all other respects the judgment is AFFIRMED.