In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2449

MARSHALL SPIEGEL,

*Plaintiff-Appellant,*

*v.*

MICHAEL C. KIM,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:16-cv-04809 — **Sara L. Ellis**, *Judge.*

ARGUED JANUARY 23, 2020 — DECIDED MARCH 6, 2020

Before ROVNER, HAMILTON, and SCUDDER, *Circuit Judges.*

SCUDDER, *Circuit Judge.* For over four years, Marshall Spiegel and Michael Kim have been embroiled in a blazing and bitter dispute in the Circuit Court of Cook County, Illinois. Before us is one piece of this angry and protracted wrangle—one that arose when Kim requested attorneys' fees in the state court litigation. Spiegel took to federal court to allege that this run-of-the-mill request violated the Fair Debt Collection Practices Act, a federal statute that prohibits misleading and

unfair practices in the collection of consumer debts. The district court dismissed Spiegel's complaint, and we affirm.

**I**

A

Marshall Spiegel served as a director on the board of the 1618 Sheridan Road Condominium Association, a homeowners' association in Wilmette, Illinois, until the association's members voted to remove him in December 2015. The association then sued Spiegel in the Circuit Court of Cook County, alleging that he took several unauthorized actions leading to and following his removal, including falsely holding himself out as president, attempting to unilaterally terminate another board member, freezing the association's bank accounts, sending unapproved budgets to unit owners, and filing unwarranted lawsuits on behalf of the association. The association sought to enjoin Spiegel from interfering with board decisions or holding himself out as a director, and to recover damages, costs, and attorneys' fees for his misconduct. The complaint invoked a condominium association agreement called the "Restated Declaration," which Spiegel signed when he bought his unit. The Restated Declaration provided that condominium owners who violated the board's rules or obligations would pay any damages, costs, and attorneys' fees that the association incurred as a result.

Spiegel denied wrongdoing but did not stop there. He went on the offensive by filing a slew of his own complaints and motions against the association, its lawyers, and nearly every condominium resident at 1618 Sheridan—racking up 385 separate filings in the Cook County court. Spiegel did not prevail in these proceedings. Indeed, the Cook County court

dismissed his claims with prejudice and enjoined him from interfering with the board's activities. The court found that Spiegel's filings had "no basis in law or fact," were riddled with "blatant lies," and amounted to "a pattern of abuse, committed for an improper purpose to harass, delay and increase the cost of litigation." Against these findings, the court ordered Spiegel to pay over $700,000 in fees and sanctions.

A more complete recounting of the Cook County litigation is not necessary. Suffice it to say that the parties were at each other's throats well before this appeal.

## B

While the state court litigation was ongoing, Spiegel filed this federal suit against the association's counsel, Michael Kim. Spiegel viewed Kim's lawsuit requesting attorneys' fees in Cook County as a further declaration of war and took the battle to federal court to fire the next shot. Spiegel invoked sections 1692e and 1692f of the Fair Debt Collection Practices Act, alleging that Kim's application in state court for attorneys' fees constituted an unfair debt collection practice.

Kim answered and moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). After initially staying proceedings under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), the district court determined it could decide Kim's motion without creating conflict with the state court litigation. It then granted Kim's motion, concluding that Spiegel failed to state a claim because the attorneys' fees Kim requested were not a "debt" within the meaning of the FDCPA. Spiegel moved to vacate the judgment and sought leave to amend his complaint, but the district court denied both motions. Spiegel now appeals.

## II

The FDCPA is a consumer protection statute that "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices" in connection with the collection of a "debt." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); see also *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (describing the FDCPA's consumer protection objectives). Congress limited the definition of "debt" to consumer debt—specifically, to an obligation "arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); see also *Heintz*, 514 U.S. at 293 (emphasizing that Congress restricted the statutory definition of "debt" to consumer debt).

The FDCPA applies to Spiegel's claim only if what Kim sought to recover through his state court complaint constitutes a "debt" within the meaning of the statute. See *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010) (interpreting 15 U.S.C. §§ 1692a(6), 1692c(a)–(b), 1692e, 1692g). The fit is not there on any fair reading of Kim's complaint.

The attorneys' fees that Kim sought did not "aris[e] out of" a consumer transaction as Congress employed that requirement in defining "debt." See 15 U.S.C. § 1692a(5). To be sure, Kim's complaint asked the state court to impose a financial obligation on Spiegel by requiring him to pay fees. But in determining whether Kim's demand qualifies as a "debt," "[t]he crucial question is the legal source of the obligation." *Franklin v. Parking Revenue Recovery Servs., Inc.*, 832 F.3d 741, 744–45 (7th Cir. 2016). By its terms, "the FDCPA limits its reach to those obligations to pay arising from *consensual* transactions,

where parties negotiate or contract for *consumer-related goods or services.*" *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997) (emphases added). That limitation explains why a thief's obligation to pay for stolen goods is not a debt under the FDCPA, see *id.*, nor is a municipal fine levied on a property owner, see *Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1075 (7th Cir. 2011) (per curiam).

No doubt the attorneys' fees Kim demanded in state court fall outside the statute as well. Spiegel's obligation to pay attorneys' fees arose out of his alleged wrongdoings as a board member, not from a consensual consumer transaction within the meaning of the FDCPA. Kim's invocation of the Restated Declaration in his state court lawsuit does not change the analysis. Nobody disputes that Spiegel signed that agreement as part of a consensual transaction—the purchase of his condominium. But the state court complaint sought to impose a financial obligation on Spiegel for one and only one reason—the way he conducted himself while serving on the association's board. There is no way to read Kim's state court complaint as seeking attorneys' fees for any reason connected to Spiegel's purchase of a condominium. Put most simply, any nexus between the financial demand lodged in the state court litigation and a consumer transaction is way too remote to satisfy what Congress required in the FDCPA for an obligation to qualify as "debt."

Spiegel sees things differently and urges a less exacting statutory analysis. His reasoning has several links but is not difficult to follow: he contends that but for his condominium purchase, he never would have served on the association board; but for his board service, he never would have become ensnared in state court litigation with the association; and but

for that litigation, he never would have found himself on the receiving end of Kim's legal demand to pay attorneys' fees. Spiegel anchors his position in our decision in *Newman v. Boehm, Pearlstein & Bright, Ltd.*, where we held that assessments imposed by a homeowners' association on its members could create a debt under the statute. See 119 F.3d 477, 481 (7th Cir. 1997).

We read *Newman* in a very different way. The members in *Newman* came under obligations to pay assessments that arose *directly* from the association's declaration and bylaws, to which the members consented upon purchasing their condominiums. See *id.* Here, however, Spiegel's obligation to pay attorneys' fees arose from his actions as a board member. The mere fact that Spiegel can tell a story that starts with his condominium purchase (and thus the Restated Declaration), and many steps later ends with the Cook County litigation, does not bring the financial demand Kim pursued in state court within the FDCPA's reach. To show that Kim sought to collect a debt, Spiegel needed to more directly establish that the litigation demand for attorneys' fees "ar[ose] out of" a consumer transaction. See 15 U.S.C. § 1692a(5). Spiegel failed to do so. Any other conclusion would rid the FDCPA's limitations of what qualifies as a "debt" of their fair import. The district court was right to enter judgment for Kim.

Nor do we see any error in denying Spiegel's request to amend his complaint. Leave to amend need not be granted where the proposed amendment would not result in the plaintiff succeeding in stating a viable legal claim. See *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017). The district court was right to see Spiegel's proposed amendment as futile. He does no more in his proposed amendment

than repeat his contention that Kim improperly demanded attorneys' fees. Nowhere, however, does Spiegel explain how those fees constitute a "debt" under the FDCPA's limited and consumer-protection-focused definition of that term.

### III

A final issue deserves comment. This case came to our court at a red-hot temperature, only to climb to a boil during briefing. After the district court dismissed Spiegel's complaint, but before oral argument in our court, the state court issued several decisions pertinent to the parties' ongoing litigation. Kim attached those decisions to his brief. Among them were an entry of final judgment against Spiegel and three orders requiring him to pay fees and sanctions to the association and related parties, including Kim. Spiegel moved to strike these documents and to sanction Kim for even attaching them, contending that Kim improperly included information that the district court never considered.

We deny Spiegel's motions. A court may take judicial notice of public records such as the state court documents Kim attached. See *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018) (collecting cases). Nor did Kim need to request leave to attach them, as "[t]he right place to propose judicial notice, once a case is in a court of appeals, is in a brief." *Matter of Lisse*, 905 F.3d 495, 497 (7th Cir. 2018) (Easterbrook, J., in chambers). Having taken judicial notice of the orders, it is not lost on us that the state court rejected all of Spiegel's claims and reprimanded him for frivolous filings.

Spiegel's claim falls outside the ambit of the FDCPA, so we AFFIRM.