NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2020[*]
Decided March 20, 2020

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1836

| | |
|---|---|
| RUBEN SANCHEZ,<br>        *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 C 06356 |
| UNITED STATES OF AMERICA, et al.,<br>        *Defendants-Appellees*. | Edmond E. Chang,<br>*Judge*. |

## O R D E R

Ruben Sanchez posits a nationwide conspiracy to violate his civil rights. The district court screened the complaint under 28 U.S.C. § 1915(e)(2), denied Sanchez's request for counsel, and dismissed the suit without leave to amend. Because the suit is frivolous and amending the complaint would not cure its defects, we affirm.

Sanchez's complaint names as defendants the "U.S.," "Ill. State," "Cook County," "Chicago," "Judge[s]," "Law[y]ers," and "cop Union." He wants judges prosecuted as

---

[*] The defendants were not served with process and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. FED. R. APP. P. 34(a)(2).

the "head[s] of organi[zed] crime" because they are "evil [people]." The judges, he alleges, have secretly conspired with countless public and private officials (including local police, attorneys, and the clerk of the United States Supreme Court) to withhold and destroy evidence "all to protect one of [their] own." Sanchez lists state and federal cases in which these conspiratorial acts occurred. He was not a litigant in all of these suits, but he asserts that their outcomes or proceedings were unjust.

Sanchez moved for leave to file the complaint without prepaying filing fees and for recruited counsel. He wrote one word—"Rosewine"—to explain which attorneys he had contacted and why he was unable to retain one on his own.

Because Sanchez sought leave to sue without prepaying the filing fee, the district court screened the complaint under § 1915(e)(2)(B)(i), which requires dismissal if the action is frivolous. The court ruled that, because Sanchez's allegations "sprawl[ed] across various cases, the state and federal court systems, and various levels of those courts, all the way up to the United States Supreme Court," they were "fanciful." To the extent that it could discern whom Sanchez wanted to sue, the court reasoned that some defendants—the United States and the State of Illinois—were immune from suit and others were not "actually described as conspirators in the complaint." The court ruled that these problems were incurable so amendment would be futile. Finally, the court denied Sanchez's motion to recruit counsel because Sanchez provided only one obscure word to explain why he could not secure a lawyer on his own and because "no attorney can fix this complaint."

On appeal, Sanchez primarily argues that the district court wrongly dismissed the suit. He contends that he should have received leave to amend, with counsel, because an attorney could have clarified the defendants and stated a proper claim.

The district court permissibly denied leave to amend. Generally, a plaintiff is entitled to amend the complaint once as a matter of right, and a district court should "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a). But district courts may deny leave to amend when "the amendment would be futile," *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008), and we review a ruling on futility de novo, *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017). Here, the court correctly decided that Sanchez's allegations are incurably frivolous. To begin, they are irrational. *See Denton v. Hernandez*, 504 U.S 25, 32–33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Sanchez imagines officials from all branches and levels of government secretly conspiring with unions and lawyers, but the imagined network is so vast that

secrecy could not be possible. No amendment that retains this conspiracy could cure the internal contradiction that it involves countless participants in a secret pact.

The district court also did not abuse its discretion in refusing to recruit counsel for the purpose of proposing an amended complaint. When faced with a request under § 1915(e)(1) for counsel, a district court's threshold inquiry is whether "the indigent plaintiff made a reasonable attempt to obtain counsel." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). The district ordered Sanchez (1) to list all attorneys and organizations from whom he sought representation, and (2) to explain why he was unsuccessful. It also warned him that he "must" complete both items or the court may deny his motion. Sanchez left one of those two questions blank, and for the other he provided only one unhelpful word ("Rosewine"). Under these circumstances (and apart from the frivolousness of the complaint), the district court reasonably denied his request. *See id.*

We have considered Sanchez's other arguments, and none has merit.

AFFIRMED